IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WESLEY DAVID TODD**                                                     **PETITIONER**

**v.**                                             **CIVIL ACTION NO. 3:21-cv-109-KHJ-MTP**

**WARDEN S. REISER**                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be denied.

## BACKGROUND

On September 11, 2017, Petitioner was sentenced in the United States District Court for the Southern District of California for the importation of heroin in violation of 21 U.S.C. §§ 952 & 960. *See* [1] at 1; [18-1] at 2. At the time Petitioner filed his Petition, he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"). *See* [1] at 1. Petitioner filed his Petition [1] on February 10, 2021, arguing that he has been deprived of "earned time credits for recidivism based programming under the First Step Act of 2018." *See* [1] at 2. Respondent filed a Response [18] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action.

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the Federal Bureau of Prisons ("BOP"). *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

"[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. § 542.10 *et seq*., points out that the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedy to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step in the grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13—542.15.

Respondent submits a declaration from Michael FiggsGanter, an attorney advisor at FCC Yazoo City, along with records of Petitioner's administrative remedy requests. According to FiggsGanter, Petitioner submitted one request for an administrative remedy relating to his eligibility of earned time credits. *See* [18-2] at 2-3; [18-3] at 47. In the request, submitted on February 25, 2021, Plaintiff sought placement in a halfway house, but the request was rejected.

*Id*. FiggsGanter states that Petitioner "never corrected the rejected filing, nor continued to file an appeal with the Office of General Counsel." *See* [18-2] at 3.

In his Reply [20], Petitioner asserts that he started the administrative remedy process, but he admits that he did not complete the process. Petitioner complains about the lack of timely responses to his submissions.[1] He asserts that he submitted a request for administrative remedy to the warden and an appeal to the Regional Director, but neither the warden nor the director provided a timely response. *See* [20] at 1. Petitioner concedes that he did not submit an appeal to the BOP's Office of General Counsel but argues that this should be excused because completing the administrative remedies process would have consumed too much time and rendered the process futile, considering his projected release date of February 15, 2022. *Id*.

Even if Petitioner did not receive timely responses to his administrative remedy submissions, such would not have prevented him from fully exhausting his administrative remedies. Pursuant to 28 C.F.R. § 542.18, if an inmate does not receive a response, he may consider the absence of a response to be a denial at that level. *See Buckley v. Pearsons*, 2011 WL 3022539, at *2 (S.D. Miss. May 25, 2011).

Additionally, the fact that it takes time to exhaust administrative remedies did not excuse Petitioner from completing the process. The United States Supreme Court has held that even inmates who may be entitled to immediate release must exhaust their administrative remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison

---

[1] Petitioner also mentions that his submissions have been rejected as procedurally defective. However, prisoners are required to exhaust administrative remedies in a procedurally correct manner. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

3

administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). "Furthermore, the fact that petitioner merely believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion." *Mercado-Pedroza v. Warden*, 2018 WL 1310008, *3 (E.D. Tex. Feb. 13, 2018). Petitioner has failed to demonstrate extraordinary circumstances for his failure to exhaust administrative remedies. *See Goss v. Longley*, 2014 WL 4658970, at *2 (S.D. Miss. Sept. 17, 2014) ("The possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required."); *Falcon v. Upton*, 2014 WL 712547, at *2 (N.D. Tex. Feb. 23, 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a halfway house); *Callahan v. Young*, 2013 WL 3346842, at *2 (W.D. La. July 2, 2013) (holding that proper exhaustion was not excused by "the length of time that the administrative process would take"); *Mitchell v. Young*, 2011 WL 3879513, at *2 (W.D. La. June 22, 2011) (rejecting petitioner's argument that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone.").

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 25th day of March, 2022.

s/ Michael T. Parker<br>United States Magistrate Judge